# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# CHATTANOOGA DIVISION

| | |
|---|---|
| DEBORAH JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. |
| | ) |
| LODGE MANUFACTURING COMPANY., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff files this Complaint against Defendant for violations of the Family and Medical Leave Act of 1993, as amended (FMLA), and alleges the following:

## Jurisdiction and Parties

1. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. Section 1331.

2. Defendant is a Tennessee corporation with its principal office located at 205 East 5th Street, South Pittsburgh, Tennessee, 37380. Its registered agent for service of process is Henry W. Lodge, 205 East 5th Street, South Pittsburgh, Tennessee, 37380.

## Facts

3. Defendant manufactures cookware at its production facility in South Pittsburgh, Tennessee, and distributes its products throughout the United States.

4. Plaintiff was employed by Defendant as a production worker at its South Pittsburg facility from approximately May of 2016 until July 2, 2021.

5. Defendant employed 50 or more employees for each working day during each of

20 or more calendar workweeks in 2020 and in 2021.

6. Defendant employed more than 50 employees within a 75-mile radius of Plaintiff's worksite.

7. Plaintiff had well over 1,250 hours of service with Defendant during the 12-month period before she requested FMLA leave as set forth below.

8. On June 1, 2021, Plaintiff visited her doctor concerning a condition in her right knee. Plaintiff's doctor diagnosed severe arthritis and loss of cartilage in the knee, and prescribed physical therapy and scheduled a follow-up visit.

9. On June 21, 2021, Plaintiff informed Defendant's human resources director, Amanda Brooks, about her condition. Plaintiff advised Brooks that she wanted to obtain approval for FMLA leave for her knee condition, and she asked Brooks to send the FMLA paperwork to Plaintiff's doctor.

10. Plaintiff underwent physical therapy for her knee on June 21 and June 24 of 2021.

11. On June 29, 2021, Plaintiff visited her doctor again. Plaintiff's doctor ordered that Plaintiff be off from work for three weeks. On that same day, Plaintiff called Ms. Brooks and advised her that the doctor had ordered her to be off work for three weeks. Ms. Brooks instructed Plaintiff to call her back on July 2, 2021 to obtain the contact information for a new FMLA administrator that Defendant had recently begun utilizing.

12. On July 1, 2021, Plaintiff's doctor sent Defendant by facsimile a completed Certification of Health Care Provider for Employee's Serious Health Condition (Certification), which provided that Plaintiff would be unable to work during a leave period of three weeks beginning on June 29, 2021. Defendant received this Certification from Plaintiff's doctor by facsimile on July 1, 2021.

13. On July 2, 2021, Ms. Brooks called Plaintiff and advised her that her employment

was terminated.

14. Defendant terminated Plaintiff's employment in order to prevent Plaintiff from exercising her FMLA rights by taking FMLA leave for her medical condition.

15. Defendant terminated Plaintiff's employment in retaliation for Plaintiff obtaining FMLA leave for her medical condition.

16. If Defendant had not terminated Plaintiff's employment, she would have continued to work in her position as a production worker after taking her FMLA leave.

17. Plaintiff has sustained and continues to sustain lost wages and lost benefits as a result of Defendant's termination of her employment.

## Defendants' Violations of the FMLA

### A. FMLA Coverage and Eligibility

18. Defendant was a covered employer of Plaintiff as defined by 29 U.S.C. § 2611(4)(A) (i) and (ii) and 29 CFR 825.104(a) and (d).

19. Pursuant to 29 U.S.C. § 2611(2), Plaintiff was an eligible employee under the FMLA.

20. Plaintiff had a serious medical condition as defined by 29 U.S.C. § 2611(11).

21. Pursuant to 29 U.S.C. § 2612(a)(1)(C) and (D), Plaintiff was entitled to FMLA leave of up to a limit of 12 weeks for her serious medical condition.

### B. Count 1—Interference with Plaintiff's Exercise of FMLA Rights

22. Plaintiff was entitled to FMLA leave due to her serious medical condition.

23. Defendant terminated Plaintiff's employment in order to prevent Plaintiff from taking FMLA leave.

24. By terminating Plaintiff's employment, Defendant unlawfully interfered with, restrained, and/or denied the exercise of or the attempt to exercise Plaintiff's FMLA rights, in

violation of 29 U.S.C. § 2615(a)(1).

25.  As a result of Plaintiff's violation of 29 U.S.C. § 2615(a)(1), Plaintiff has sustained and continues to sustain lost wages and lost benefits.

C. **Count 2—Retaliation in Response to Plaintiff's Exercise of FMLA Rights**

26.  By obtaining FMLA leave for her serious medical condition, Plaintiff engaged in protected activity under the FMLA.

27.  Defendant terminated Plaintiff's employment in retaliation for her requesting and obtaining FMLA leave for her serious medical condition.

28.  By terminating Plaintiff's employment, Defendant unlawfully discharged Plaintiff in violation of 29 U.S.C. § 2615(a)(2).

29.  As a result of Defendant's violation of 29 U.S.C. § 2615(a)(2), Plaintiff has sustained and continues to sustain lost wages and lost benefits.

D. **Plaintiff's Entitlement to Recover Damages Under the FMLA**

30.  Pursuant to 29 U.S.C. § 2617(a)(1)(A)(i), Plaintiff is entitled to recover lost wages and lost employment benefits.

31.  Pursuant to 29 U.S.C. § 2617(a)(1)(A)(ii), Plaintiff is entitled to recover interest.

32.  Pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii), Plaintiff is entitled to recover liquidated damages.

33.  Pursuant to 29 U.S.C. § 2617(a)(3), Plaintiff is entitled to recover attorney's fees, expert fees, and costs.

## Prayer for Relief

WHEREFORE, Plaintiff prays for a judgment against Defendant for damages that include the following:

(a)  back pay;

(b) front pay;

(c) loss of benefits;

(d) interest;

(e) liquidated damages;

(f) expert fees;

(g) attorneys' fees and costs; and

(h) all further legal and equitable relief to which she may be entitled.

Respectfully submitted,

/s/ R. Scott Jackson, Jr.
R. Scott Jackson, Jr., (TN 013839)
4525 Harding Road, Suite 200
Nashville, TN 37205
(615) 313-8188
(615) 313-8702 (facsimile)
rsjackson@rsjacksonlaw.com

/s/ John McCown
John McCown, GA Bar (GA 486002)
Warren & Griffin, P.C.
300 West Emery Street, Suite 108
Dalton, GA 30720
(706) 529-4878
(706) 529-3890 (facsimile)
john.mccown@warrenandgriffin.com

Attorneys for Plaintiff